IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNEE CHRISTIAN,<br><br>    Plaintiff,<br><br>vs.<br><br>CHARTER COMMUNICATIONS, INC.,<br><u>Serve</u>:  Registered Agent:<br>        CSC Lawyers Incorporation<br>        Service Company,<br>        221 Boliver Street,<br>        Jefferson City, Missouri 65101,<br><br>ADVANCED COMMUNICATIONS<br>SYSTEMS, INC.<br><u>Serve</u>:  Registered Agent:<br>        Christopher M. Keith<br>        505 E. 131st Ct.<br>        Kansas City, MO 64145<br><br>JOHN DOE<br><br>    Defendants. | Case No. _____<br><br>**PLAINTIFF DEMANDS TRIAL<br>BY JURY** |

## COMPLAINT

COMES NOW the Plaintiff, and for her cause of action against the Defendant, states:

1. Defendant, Charter Communications, was at all times herein mentioned and is now a corporation, duly organized and existing by virtue of law and engaged in the business of supplying television power by cable, among other things, and as such can sue and be sued.

2. Plaintiff is now a resident of the State of Texas.

3.     Defendant, Charter Communications, Inc., is a corporation chartered and registered in the State of Missouri, with its principal place of business in the State of Missouri, and is therefore a resident of the State of Missouri.

4.     Defendant, Advanced Communications Systems, Inc., is now, and was at all times herein mentioned, a corporation, incorporated in the State of Kansas with its principle place of business at 12309 Gillette, Overland Park, Kansas, and therefore is a resident of Kansas.

5.     Defendant, John Doe, was at all times herein mentioned, a corporation or any other cable installation company, that installed cable at plaintiffs' home that arose from an incident that occurred on August 14, 2011 in St. Charles County, Missouri.

6.     Complete diversity of citizenship exists between the Plaintiff and the Defendants and, therefore, there exists jurisdiction in the Federal Courts, pursuant to Section 1332 U.S. Code Annotated.

7.     The above stated cause of action arose from an incident that occurred on August 14, 2011, in St. Charles County, Missouri and, therefore, venue exists in the United States District Court for the Eastern District of Missouri, Eastern Division.

8.     On or about July 28, 2014, Defendant, Advanced Communications Systems, Inc., and Defendant, Charter Communications, Inc., and John Doe by and through its agent, Advanced Communications Systems, Inc., installed cable for internet and telephone lines at Plaintiff's then residence, which was at that time 304 Wall Street, Wentzville, St. Charles County, Missouri; the cable was not buried, but was left above ground on the side of the residence.

9.     On August 14, 2011, Plaintiff was in her yard and tripped and fell over the

cable and was caused to sustain the hereinafter mentioned injuries and damages, all due as the direct and proximate result of negligence on the part of the Defendants, as hereinafter stated.

10. Plaintiff's hereinafter stated injuries and damages were due as a direct and proximate result of negligence on the part of the Defendant, Advanced Communications Systems, Inc., and Defendant, Charter Communications, Inc., and John Doe by and through its agent, Advanced Communications Systems, Inc., in the following particulars:

    (a) Defendants failed to warn Plaintiff that they were installing cable;

    (b) Defendants failed to warn Plaintiff that they intended and were going to have the cables remain above ground in Plaintiff's yard;

    © Defendants failed to bury the cables on the date that they installed them;

    (d) Defendants failed to place any warning signs in Plaintiff's yard that the cables were left above ground;

    (e) Defendants created a dangerous and unreasonably safe condition by leaving the cables above ground in Plaintiff's yard, and as a result Plaintiff's yard was rendered not reasonably safe.

11. As a result of the injuries sustained on August 14, 2011, Plaintiff's legs were impaired, weakened and injured, and caused a subsequent fall, on or about August 30, 2011.

12. As a direct and proximate result of the aforesaid negligence of the Defendants, Plaintiff was caused to sustain the following injuries and damages:

Plaintiff sustained injury and aggravation of degenerative changes in her left shoulder tendons and labrum, sustained a partial thickness tear of the supraspinatus tendon of the left shoulder, as well as sprain and contusion of the connective tissues of Plaintiff's left shoulder, requiring arthroscopic rotator cuff repair and biceps tenotomy because of tendon sheath diffusion in the biceps tendon, and also requiring subacromial decompression and acromioplasty of the left shoulder.  Plaintiff also sustained an aggravation of degeneration of the left biceps tendon and sustained bursitis of the left shoulder; that preexisting degeneration of the tendons and cartilage in Plaintiff's left knee was aggravated.  Plaintiff sustained a strain of the muscles in her neck; Plaintiff sustained aggravation of preexisting degenerative disc disease in the lumbar spine at L4-L5, L5-S1 and T12-L1; Plaintiff sustained neuritis and/or radiculitis in the thoracic and lumbar spine.  That Plaintiff sustained injury to the lumbar facet joints bilaterally at L3, L4 and L5 and S1; as a result of the aforesaid injury to Plaintiff's lumbar spine, Plaintiff necessarily underwent surgery for bilateral laminectomy with decompression of the nerve roots at L4, L5 and S1 and a fusion of the L4-L5 interspace with instrumentation
and interbody cage times 2; that Plaintiff has incurred expenses for reasonable and necessary medical, chiropractic and surgical treatment, care and attention in the approximate sum of $288,799.82; that the aforesaid injuries are permanent; that Plaintiff suffered, suffers and will in the future suffer from pain of body and anguish of mind; that Plaintiff's mobility has been impaired as a result of the aforesaid injuries, as well as her enjoyment of living, all to Plaintiff's damages.

WHEREFORE, Plaintiff prays judgment against the Defendants, jointly and

severally, for a fair and reasonable sum in excess of $75,000.00, together with her costs herein expended.

                THE FLOYD LAW FIRM, P.C.

*/s/ Mark L. Floyd*

Mark L. Floyd  #43643MO
8151 Clayton Road, Suite 202
St. Louis, Missouri  63117
314-863-4114
314-863-4150 Fax
mark@thefloydlawfirm.com
ATTORNEY FOR PLAINTIFF